UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
AHMED ALI UZIR,

                Plaintiff,                        **MEMORANDUM & ORDER**

      -against-                                  24-CV-8449 (RER) (PK)

FAHEEM MIAN, RANA ZAHID, AHSAN
KOHATI, SALMAN SHAIKH, ALI ABBAS,
VOSA TV INC.,

                Defendants.
---------------------------------------------------------X

**RAMÓN E. REYES, JR., United States District Judge:**

On December 10, 2024, Plaintiff Ahmed Ali Uzir, appearing *pro se*, filed this action pursuant to the Court's diversity jurisdiction. (ECF No. 1 at 3). Plaintiff paid the filing fee to commence the action. (ECF No. 2). By Order dated December 16, 2024, the Court directed Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction by January 15, 2025.[1] On January 14, 2025, Plaintiff responded to the Court's Order. (ECF No. 6). As set forth below, the complaint is dismissed, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff alleges common law defamation and seeks a "mandatory injunction requiring the Defendants to remove all defamatory content from all platforms associated with VOSA TV Inc." (ECF No. 1 at 5). Specifically, Plaintiff alleges that VOSA TV published false and defamatory allegations against him concerning a mosque project and other matters on YouTube, Facebook, TikTok and by email. (*See generally*, ECF No. 1).

---

[1] The Court also informed Plaintiff that he could seek free, confidential, limited scope legal assistance from the Federal Pro Se Legal Assistance Project offered by the City Bar Justice Center by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

1

The Court informed Plaintiff that subject matter jurisdiction in federal court is limited to actions which present a "federal question," 28 U.S.C. § 1331, or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). The Court determined that it lacked subject matter jurisdiction pursuant to either federal question or diversity of citizenship jurisdiction over Plaintiff's defamation claims and directed Plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5).

Plaintiff's Response does not specifically address whether the requirements for diversity have been met, and instead, "provide[s] additional grounds for jurisdiction." (ECF No. 6 at 5). Plaintiff alleges that the Court has "personal jurisdiction pursuant to the Due Process Clause of the Fourteenth Amendment" because VOSA TV "is incorporated in New York." (*Id.* at 6). Plaintiff also alleges that "personal jurisdiction based on long-arm jurisdiction" is available "to grant relief to the plaintiff for the injuries suffered as a result of the tortious act of defamation." (*Id.*). Finally, Plaintiff alleges that "[d]efamatory statements targeting the Plaintiff are directly tied to his professional reputation and public service in New York causing substantial harm within the jurisdiction of this Court" and he "seek[s] the court's intervention to address the extortion and defamation perpetrated by VOSA TV, Inc. and its representatives." (*Id.* at 6, 11). Plaintiff has attached over 50 pages of exhibits, consisting mostly of emails and screenshots of text messages, but nothing in

Plaintiff's Response, even when liberally construed, suggests that the Court has subject matter jurisdiction over the complaint. (ECF No. 6 at 12–72).

## DISCUSSION

It bears mentioning that Plaintiff seemingly refers to the Fourteenth Amendment and the "minimum contacts" test described in *International Shoe Co. v. Washington* in an attempt to establish "jurisdiction." (*See* ECF No. 6 at 5–6). The minimum contacts test cannot be used to establish subject-matter jurisdiction, however—it instead establishes personal jurisdiction. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (describing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Personal jurisdiction refers to the ability to bring a suit against a defendant in a state or federal court located in a particular state. *Id.*; *see also* Fed. R. Civ. Pro. 12(b)(2), 12(h)(3). In contrast, subject-matter jurisdiction refers to the ability to bring a suit against a defendant in federal court, as opposed to in state court. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (a district court cannot "consider the merits of a case" before establishing subject-matter jurisdiction, but personal jurisdiction only warrants dismissal where a defendant objects on those grounds); *see also* Fed. R. Civ. Pro. 12(b)(1), 12(h)(3). Accordingly, the Court declines to decide whether personal jurisdiction is proper and leave that question to another court, should Plaintiff decide to file his claims in state court. *See Velez v. Lasko Prods.*, LLC, 706 F. Supp. 3d 444, 457 (S.D.N.Y. 2023) ("[A] court need not entertain a personal-jurisdiction argument if a defendant declines to press it.") (citing *Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 117 (2d Cir. 2023)).

Plaintiff has not established subject-matter jurisdiction for two reasons. First, Plaintiff has not alleged any facts to suggest a Fourteenth Amendment claim or any other claim based in federal law that would satisfy federal question. "Simply raising a federal

3

issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). There is no subject matter jurisdiction if "the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Southern New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (internal citations omitted). In any event, the Fourteenth Amendment would not apply to the substance of Plaintiff's claims. The Constitution regulates only the conduct of government actors and not that of private parties. *Am. Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citation omitted). Therefore, Plaintiff has failed to establish federal question jurisdiction.  28 U.S.C. § 1331.

Second, Plaintiff's defamation claim is a state law claim which cannot proceed in federal court, because he has not established diversity jurisdiction. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (defamation is a state law claim); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law"); *Zorilla v. YouTube*, No. 24-cv-2487 (LTS), 2024 WL 4635501 at *2 (S.D.N.Y. Oct. 28, 2024) (same). Complete diversity of state citizenship is required in order to proceed, that is, Plaintiff's citizenship must be different from the citizenship of each Defendant. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *Aurora Loan Services LLC v. Sadek*, No. 09 Civ. 9651, 2011 WL 3678005, at *2 (S.D.N.Y. Aug. 22, 2011) ("Put simply, [complete diversity] means that no plaintiff can be a citizen of the same state as a defendant.") Further, "it is well established that allegations of residency alone cannot establish whether parties are 'citizens of different states' for the purposes of establishing subject matter jurisdiction under section 1332." *Young-Gibson v. Patel*, 476 F.App'x 482,

at *1 (2d Cir. June 12, 2012) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).

Here, Plaintiff provides "Contact Information of Implicated Individuals," but fails to set forth the citizenship of each party named in the complaint as instructed. (ECF No. 6 at 10). The Court takes notice that in the complaint Plaintiff, apparently domiciled in New York, alleged that Defendant Faheem Mian and VOSA TV were located in New York (ECF No. 1 at 4, 6), and he now alleges that VOSA TV is incorporated in New York. (ECF No. 6 at 6). Therefore, Plaintiff has failed to establish diversity jurisdiction. 28 U.S.C. § 1332.

## **CONCLUSION**

Accordingly, the complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket. Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated:     January 22, 2025
           Brooklyn, New York

5